**UNITED STATES**

v.

**Airman First Class Carrol L. DURANT, FR 244–15–0809, United States Air Force.**

**ACM 23838.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 Nov. 1982.

Decided 6 July 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before EN BANC—HODGSON, KASTL, HEMINGWAY, CANELLOS, RAICHLE, MILLER and SNYDER, Appellate Military Judges.

DECISION

SNYDER, Judge:

Pursuant to his pleas, the accused was convicted by a military judge sitting as a general court-martial of transferring lysergic acid diethylamide (LSD) and marihuana, in violation of Articles 92 and 134, U.C.M.J., 10 U.S.C. §§ 892 and 934. His sentence extends to a bad conduct discharge, confine-

---

ment at hard labor for 18 months, total forfeitures, and reduction to airman basic. He has submitted three assignments of error for our consideration, only one of which merits comment. We affirm.

The accused avers that the convening authority disapproved his application for deferment of his sentence to confinement, Article 57*d*, U.C.M.J., M.C.M., 1969 (Rev.), para. 88*f*, without stating the reasons therefor as required by *United States v. Brownd*, 6 M.J. 338 (C.M.A.1979), as implemented by Air Force Manual 111–1, Military Justice Guide, para. 7–24f and g.

The record indicates that the accused, through counsel, submitted his initial request for deferment of confinement on 2 November 1982. This request was disapproved without comment on 3 November 1982. A second request was submitted on 10 November 1982. The subject of the second request was: "Request for Record, Request for Reconsideration-Application for Deferment of Sentence to Confinement, US v Durant." This request was signed by detailed and individual defense counsel.

Although the acting staff judge advocate recommended approval of the accused's second application, the convening authority also disapproved the second application without comment. As alleged by the accused, and properly conceded by the Government, this was error. However, as we have concluded in previous cases, there is no relief which can be granted at this time. *United States v. Peck*, 10 M.J. 779 (A.F.C.M.R.1981); *United States v. Vasquez*, 8 M.J. 775 (A.F.C.M.R.1980).

This issue has always contained the paradox of no meaningful relief for a patent error. Even *Brownd*, after promulgating the rule violated, concluded that no relief could be granted. However, where an Air Force directive implements a decision, the directive should be followed. Additionally, it is at the review level where this matter is best handled.

The convening authority's second disapproval, as was the first, was forwarded to trial defense counsel. The absence of reasons was apparent on its face, but there was no further response or action by defense counsel. Had defense counsel submitted a clear request for compliance with *United States v. Brownd, supra,* and AFM 111–1, this matter could have been handled at the review level; also, a record for review of the issue would have been created.*

■ Although applicable to another area of the review function, *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1 (1975), and its progeny embody the philosophy that the trial defense counsel is an integral part of the review function. The main purpose of the *Goode* rule is the conservation of appellate resources. That purpose is served by requiring service of the review of the staff judge advocate on defense counsel. Defense counsel is thereby allowed the opportunity to cite errors which can be corrected at that level. Errors in the review not commented upon are deemed waived. *United States v. Goode, supra.*

■ We discern no reason why the same philosophy should not apply to this area. There have been a significant number of cases where the absence of reasons was assigned as error, but there was no request for reasons by the trial defense counsel. Accordingly, where an application for deferment of confinement is disapproved without stating the reason therefor, and trial defense counsel does not submit a request for a statement of reasons, or take other appropriate action, the issue shall be deemed waived for appellate review.

We have considered the other assignments of error and resolved them adversely to the accused. *United States v. Jean*, 15 M.J. 433 (C.M.A.1983); *United States v. Batchelor*, 16 M.J. 711 (A.F.C.M.R.1983); *United States v. Banks*, 7 M.J. 92 (C.M.A. 1979).

* Although not clearly articulated, we read all four corners of the second application, especially the subject thereof, as a request for reasons; thus, our disposition of the issue, earlier in the opinion, on the merits. However, this does not change the fact of the nature of the convening authority's response.

Finding no error prejudicial to the accused, the findings of guilty and the sentence are

AFFIRMED.

HODGSON, Chief Judge, KASTL and HEMINGWAY, Senior Judges, and CA-NELLOS, RAICHLE, and MILLER, Judges, concur.