UNITED STATES

v.

Airman First Class Gralyn O. EDWARDS, FR239–17–4521, United States Air Force.

ACM 30060.

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 June 1992.

Decided 13 Jan. 1994.

Appellate Counsel for the Appellant: Colonel Terry J. Woodhouse, Major Mary C. Yastishock, Major George F. May, Major Marc A. Fox, and Captain Arthur E. Jackman, Jr.

Appellate Counsel for the U.S.: Colonel Jeffery T. Infelise, Captain Jane M.E. Peterson, and Captain Timothy G. Buxton.

Before HEIMBURG, YOUNG and PEARSON, Appellate Military Judges.

OPINION OF THE COURT

HEIMBURG, Senior Judge:

Appellant was found guilty, pursuant to his pleas, of assault and battery[1] on LS, and court members found him guilty, contrary to his pleas, of unlawful entry.[2] His approved sentence is a bad-conduct discharge, confinement for 5 months, forfeiture of all pay and allowances, and reduction to E–1. He has assigned two errors for our consideration. We find error, but no prejudice to appellant, and affirm his findings and sentence.

In his first assignment of error, appellant asserts he was prejudiced when the military judge admitted, as rebuttal evidence during presentence proceedings, an Article 15, UCMJ, nonjudicial punishment more than 5 years old. Appellant asserts the nonjudicial punishment was neither proper rebuttal nor properly admissible under Air Force Regulation 111–1, Military Justice Guide (9 March 1990).

Among the sentencing evidence trial counsel submitted were a record of nonjudicial punishment concerning an assault and battery on LS 2 months prior to the charged

1. . Violation of Article 128, UCMJ; 10 U.S.C. § 928 (1988).

2. Violation of Article 134, UCMJ; 10 U.S.C. § 934 (1988).

assault, two letters of reprimand for disrespect to his military supervisor, a letter of reprimand for financial mismanagement, a record of counseling for failing to meet financial responsibilities, and an action vacating appellant's noncommissioned officer status, largely based on financial irresponsibility. The defense submitted several "character reference" letters, including one from a former supervisor, Chief Master Sergeant H. Chief H's letter said he was appellant's supervisor from August 1987 to December 1989. After relating appellant's good military qualities, Chief H said that appellant was "extremely valuable" to his organization and that supervisors and co-workers looked to appellant for "his superb job knowledge and insightful personal advice." During temporary duty trips, Chief H related, he "often counted on A1C Edwards to provide leadership to many of the younger individuals in the squadron."

Trial counsel offered several items in rebuttal to the defense evidence, including a record of nonjudicial punishment under Article 15, UCMJ, served on appellant in April 1987. Trial defense counsel objected to the Article 15 record as untimely. *See* AFR 111–1, paragraph 13–4b(2). The military judge admitted the nonjudicial punishment, finding the defense had raised the issue of good military character and that the defense evidence went "back into the time period ... of August 1987" and was, therefore, proper rebuttal. He did not address the application of the time limitations of AFR 111–1, paragraph 13–4b(2) to the exhibit.

The Secretary of the Air Force has, by regulation, limited the admissibility of personnel records further than the limitations imposed under the Rules for Courts–Martial. AFR 111–1, paragraph 13–4b says:

> In addition to the limitations imposed by the Rules for Courts–Martial, the following limitations apply to personnel records admitted under this paragraph:
>
> *     *     *     *     *     *
>
> (2) Records of punishment under Article 15 from any file in which the record is properly maintained by regulation, may be admitted if not over 5 years old as of the date the charges were referred.

This time period is measured from the date the commander notified the accused of his or her intent to impose nonjudicial punishment.

This limitation applies equally to matters presented by the prosecution under R.C.M. 1001(b) and to rebuttal evidence under R.C.M. 1001(d). *United States v. Smith,* 29 M.J. 736, 739 (A.F.C.M.R.1989); AFR 111–1, paragraph 13–4b. The nonjudicial punishment at issue was served on appellant on 22 April 1987, and the charges in this case were referred to trial on 12 June 1992. It was error, therefore, for the military judge to admit the nonjudicial punishment record into evidence, even if it properly rebutted matters submitted by the defense. *Smith,* 29 M.J. at 739.

■ It remains for us to assess the prejudice to appellant from admission of this exhibit. As we have already observed, this particular nonjudicial punishment was not the only blemish on appellant's military record. Some of his performance reports, as well as the disciplinary and counseling records we referred to above, show recurrent financial irresponsibility. In addition, two reprimands for disrespect to a superior noncommissioned officer detract significantly from appellant's military record. When we consider all the evidence the members had available in sentencing appellant, we are convinced the erroneous admission of this one record of nonjudicial punishment did not materially prejudice appellant. Article 59(a), UCMJ.

■ In his second assignment of error, appellant asserts the convening authority abused its discretion by failing to grant deferment of confinement or to specify reasons for denying appellant's request. Appellant's sentence was announced on 25 June 1992. By letter dated 24 June 1992, appellant requested deferment of service of the sentence to confinement so he could return to South Carolina and be present when his grandmother had heart surgery. In his request, appellant averred his grandmother was his guardian, and that no other family member was able to assist her before and after the surgery. The base staff judge advocate re-

sponded by letter dated 25 June 1992, requesting appellant to submit "evidence of this surgery" or "the doctor's name and phone number" for verification. Another letter, signed by the base staff judge advocate and the special court-martial convening authority, also dated 25 June 1992, forwarded the deferment request with a recommendation for denial. The forwarding letter noted the defense had "submitted no information to prove the facts" stated in their request and that defense counsel stated the surgery "probably" would not be done for at least two weeks, commented on appellant's "poor" military record, and opined the victim would be "at risk" if appellant were released.

A sentence to confinement may be deferred in the "sole discretion" of the convening authority pending approval of the sentence. Article 57(d), UCMJ; 10 U.S.C. § 857(d) (1988). Despite the statutory language, a convening authority's decision not to defer confinement is reviewable for abuse of discretion. *United States v. Brownd*, 6 M.J. 338, 339 (C.M.A.1979); R.C.M. 1101(c)(3). A convening authority's decision acting on a request for deferment must be in writing, and a copy must be given the accused. R.C.M. 1101(c)(3). The requirement that the decision be in writing necessarily implies that it specify reasons for denial. *United States v. Sloan*, 35 M.J. 4, 7 (C.M.A.1992).

The convening authority's decision on appellant's request for deferment is in writing, but it does not specify the reasons for denial.[3] Although this failure to give reasons is erroneous, we are unable to discern any relief to which appellant may be entitled. *Sloan*, 35 M.J. at 7. Appellant's sentence was approved on 31 July 1992. At that time any deferment would have expired and appellant would have begun to serve the confinement. Article 57(d); 10 U.S.C. § 857(d) (1988). Appellant is now without remedy for any possible abuse of discretion by the convening authority. *Sloan*, 35 M.J. at 7.

We have dealt with this problem before, but perhaps the passage of time has caused trial defense counsel to forget our resolution

of the issue. In *United States v. Durant*, 16 M.J. 712 (A.F.C.M.R.1983) (en banc), we noted that the ordinary course of appellate review provides no meaningful relief for abuses of discretion in the denial of deferment of confinement. Accordingly, we ruled:

> where an application for deferment of confinement is disapproved without stating the reason therefor, and trial defense counsel does not submit a request for a statement of reasons, or take other appropriate action, the issue shall be deemed waived for appellate review.

*Durant*, 16 M.J. at 713. In addition to a request for a "statement of reasons," the "other appropriate action" contemplated by *Durant* may include a petition for redress and complaint of wrong under Article 138, UCMJ; 10 U.S.C. § 938 (1988). *See* AFR 110–19, Complaints of Wrongs Under Article 138, Uniform Code of Military Justice, paragraph 3a(2) (7 November 1988).

Finding no error prejudicial to the substantial rights of appellant, the approved findings of guilty and the sentence are hereby

AFFIRMED.

YOUNG and PEARSON, JJ., concur.

---

3. We decline to speculate that the convening authority agreed with the recommendation of the base staff judge advocate and special court-martial convening authority for the reasons given in their forwarding letter.