# UNITED STATES
### v.
**Technical Sergeant Samuel S. POWELL, FR180–42–2696, United States Air Force.**

**ACM 30311.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 Aug. 1992.

Decided 29 July 1994.

Appellate Counsel for Appellant: Colonel Terry J. Woodhouse, Colonel Jay L. Cohen, Lieutenant Colonel Frank J. Spinner, and Captain Robert E. Watson.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Colonel Thomas E. Schlegel, and Captain Jane L. Harless.

Before DIXON, YOUNG, and PEARSON, Appellate Military Judges.

## OPINION OF THE COURT

PEARSON, Judge:

A general court-martial with officer members convicted appellant, contrary to his pleas, of raping, orally sodomizing, and committing indecent acts upon his two daughters, violations of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 934 (1988). The court sentenced appellant to a dishonorable discharge, 10 years confinement, and reduction to E–1 which the convening authority approved as adjudged.

According to the daughters, BP and SP, appellant began sexually fondling them when they were approximately 10 years old (conduct beyond the statute of limitations was not charged). As the girls grew older, appellant increased the severity of the abuse and continued it after each reached 16 years of age. Consequently, some of the specifications alleged appellant committed acts with a child under the age of 16 and some did not.

Appellant contends on appeal, as he did at trial, that his two daughters lied, thus the evidence is factually insufficient to prove his guilt of any offense. Additionally, he asserts the evidence is legally insufficient to prove the offense of oral sodomy as the daughters only testified about "oral sex" or equivalent slang terms which did not establish the required element of penetration. *See United States v. Hansen*, 36 M.J. 599 (A.F.C.M.R. 1992) ("oral sex" not sufficient to prove penetration required for sodomy), *pet. denied*, 38 M.J. 229 (C.M.A.1993).

■ Having weighed the evidence and made allowances for not having personally observed the witnesses, we are convinced of both the legal and factual sufficiency of the evidence to support all of the convictions except oral sodomy with SP as alleged in Charge II, specifications 3 and 4. While both daughters were inconsistent and vague at times in their descriptions of appellant's acts, we believe them. Article 66(c), UCMJ, 10 U.S.C. § 866(c) (1988); *United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

■ As to the sodomy offenses with BP, she initially testified that appellant performed "oral sex" upon her and she reciprocated. However, on follow-up questioning, she clarified that she was "giving head" and a "blow job," and the military judge limited the members' consideration of oral sodomy to fellatio only and not cunnilingus. Like the court members who heard this case, we have no problem in using our own common sense and knowledge of human nature and the ways of world to conclude, beyond a reasonable doubt, that BP performed fellatio upon appellant, which included penetration, when she testified about giving him a "blow job." However, our conclusion should not encourage the use of slang in courts-martial as we may have reached a different result in this case for any other slang term, including "giving head." *See, e.g.,* American Heritage Dictionary of the English Language 206, 831, 1272 (3d ed.1992) (compare definition of "blow job" with that of "head" and "oral sex"); *cf. United States v. Carfang*, 19 M.J. 739 (A.F.C.M.R.1984) ("coke," "grass," "acid," and "speed" are "street terms" used to identify cocaine, marijuana, LSD and methamphetamine, respectively).

■ Like her sister, SP also testified that she engaged in "oral sex" with appellant. However, no one asked her to clarify what she meant by that term. Although the military judge again restricted the members' consideration of oral sodomy to fellatio, evidence only of "oral sex" is legally insufficient to prove any form of sodomy. *Hansen.*

■ Appellate government counsel asks us to approve attempted sodomy as a lesser included offense if we find evidence of penetration lacking. *See* Article 79, UCMJ, 10 U.S.C. § 879 (1988). We decline to do so in this case. Granted, we can speculate as to what SP meant by "oral sex;" however, criminal convictions are made of stronger stuff than guesswork. Moreover, the military judge and all counsel agreed that no lesser included offenses to the sodomy specifications existed even though the judge alerted counsel to the penetration problem when discussing proposed findings instructions. The judge's "no lesser included offense" ruling became the law of the case, absent plain error materially prejudicing appellant's substantial rights which is not present here. *United States v. McGhee*, 32 M.J. 322 (C.M.A.1991); *United States v. McKinley*, 27 M.J. 78 (C.M.A.1988). Consequently, we set aside the findings of guilty to specifications 3 and 4 of Charge II and dismiss the offenses.

■ We conclude we are able to accurately determine what sentence the court would have adjudged absent the two sodomy offenses involving SP. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990). For sentencing, the military judge grouped the 11 offenses into 2 categories for each victim—before age 16 and after age 16. He found the offenses occurring before age 16 alleged but one offense for punishment purposes for each victim, as did the offenses occurring after age 16. Consequently, he instructed the members to consider that they had only 4 offenses on which to mete punishment and not 11. *See* R.C.M. 1003(c)(1)(C). Taking into consideration the evidence of record and remaining findings of guilt, we determine the court would not have adjudged a lesser sentence.

The findings as modified and the sentence as reassessed are correct in law and fact and on the basis of the entire record are

AFFIRMED.

Chief Judge DIXON and Judge YOUNG concur.