478

UNITED STATES, Appellee

v.

Douglas L. BARROW, Master Sergeant
U.S. Air Force, Appellant.

No. 95–0813.
Crim. App. No. 30442.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 1, 1996.

Decided Jan. 22, 1997.

For Appellant: *Major Kevin P. Koehler* (argued); *Colonel Jay L. Cohen, Major Ormond R. Fodrea,* and *Frank J. Spinner* (on brief).

For Appellee: *Lieutenant Colonel Michael J. Breslin* (argued); *Colonel Mark C. Ramsey* and *Colonel Jeffery T. Infelise* (on brief); *Colonel Theodore J. Fink.*

PER CURIAM:

A general court-martial composed of officer members at Carswell Air Force Base, Texas, convicted appellant, contrary to his pleas, of multiple sexual offenses, including sodomy in violation of Article 125, Uniform Code of Military Justice, 10 USC § 925. The approved sentence provides for a bad-conduct discharge, confinement for 4 years, and reduction to pay grade E–4. The Court of Criminal Appeals affirmed the findings and sentence. 42 MJ 655 (1995).

We granted review of the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ABUSED ITS DISCRETION IN FINDING THE EVIDENCE FACTUALLY SUFFICIENT AND ERRED IN FINDING THE FACTS LEGALLY SUFFICIENT TO SUPPORT APPELLANT'S CONVICTION OF COMMITTING SODOMY UNDER SPECIFICATIONS 1 AND 2 OF ADDITIONAL CHARGE I AND ADDITIONAL CHARGE I.

Appellant was convicted of engaging in oral sodomy with a female staff sergeant with whom he was having an affair. The evidence of the oral sodomy consisted solely of the staff sergeant's answer when she was asked to define what she meant by "having an affair." She responded, "Sexual and oral intercourse, and everything else." She was not asked to describe the sexual activity in greater detail, and she did not do so.

Appellant asserts that the words "oral intercourse" were insufficient to prove the essential element of penetration. *See* para. 51, Part IV, Manual for Courts–Martial, United States (1995 ed.). He relies on *United States v. Powell,* 40 MJ 768, 770 (AFCMR 1994), and *United States v. Hansen,* 36 MJ 599, 608 (AFCMR 1992), where the court below held that the words "oral sex" were insufficient to prove penetration.

The court below rejected appellant's assertion, reasoning as follows:

> "Intercourse" is a synonym for "copulation" as is "sex." Webster's New World Thesaurus 399 (Rev. ed.1985). However, we conclude that the term "intercourse" connotes, in common experience and language, an act of penetration that the term "sex" does not. Consequently, we conclude in this case that the evidence is both legally and factually sufficient to prove oral sodomy.

42 MJ at 665.

Unlike the Court of Criminal Appeals, we review only for legal sufficiency of the evidence, not factual sufficiency. Our test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner,* 25 MJ 324 (CMA 1987), citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Applying this test, we agree with the court below and hold that the evidence is legally sufficient. *See Commonwealth v. Bucaulis,* 6 Mass.App.Ct. 59, 373 N.E.2d 221, 226 (1978) ("sexual intercourse" includes fellatio); *Furstonburg v. State,* 148 Tex.Crim. 638, 190 S.W.2d 362, 363 (1945) ("carnal copulation" is interchangeable with "sexual intercourse."); *see generally United States v. Pritchard,* 45 MJ 126 (1996), *recon. granted in part,* —— MJ —— (Jan. 9, 1997) ("phrase 'sexual intercourse' can be reasonably understood to include sodomy and oral sodomy").

The decision of the United States Air Force Court of Criminal Appeals is affirmed.