**UNITED STATES**

v.

**Airman Basic Eddie G. NELSON, FR251–11–1622 United States Air Force.**

**No. ACM 32532.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 23 July 1996.

Decided 3 June 1997.

Appellate Counsel for Appellant: Lieutenant Colonel Kim L. Sheffield and Major Ray T. Blank, Jr.

Appellate Counsel for the United States: Colonel Theodore J. Fink and Lieutenant Colonel Steven W. Smoger.

Before PEARSON, MORGAN, C.H., II, and MORGAN, J.H. Appellate Military Judges.

## OPINION OF THE COURT

PEARSON, Senior Judge:

The staff judge advocate took 146 days to transcribe appellant's short, uncomplicated 81–page record of trial documenting a guilty plea to one specification of using cocaine. Appellant claims this "excessive delay" in post-trial processing warrants our strongest condemnation and the set aside of his conviction. While we agree this case was poorly handled—for instance, an administrative discharge board held after the trial was transcribed ahead of it—we do not find appellant was prejudiced **in this case.**

## FACTS

On December 14, 1995, appellant pled guilty at a general court-martial to using cocaine in June 1995, and was sentenced to 8 months confinement and reduction to E–1. To comply with the terms of a pretrial agreement, the convening authority cut the jail term to 7 months. As part of his confinement in-processing, appellant submitted a urine specimen for drug testing. On February 13, 1996, the lab reported that appellant's specimen was positive for cocaine, indicating drug use shortly before appellant's December trial.

On July 23, 1996, appellant made his second courtroom foray, this time for using cocaine on December 7–14, 1995. The court sentenced him to a bad-conduct discharge and 8 months confinement.

On December 5, 1996, appellant filed a motion with the trial judge asking him to dismiss the case because the government had not yet begun transcribing his record of trial, diminishing any shot he had at meaningful clemency. Appellant argued he deserved clemency because he had been rehabilitated since his first trial and his continued confinement served no useful purpose. Appellant also complained that the government completed the records of several trials occurring after his, and, surprisingly, an administrative discharge board which convened on August 20, 1996. Appellant suggested that the staff judge advocate was "gaming" the system by completing cases out of order to improve the legal office's "overall" case processing times (called "metrics" by management analysts).

On December 6, 1996, the trial judge ordered the government to "show cause" by December 11 why he should not grant the requested relief. In reply, the government argued that (1) the judge lacked jurisdiction to hear the complaint, (2) their court reporter was swamped with work, (3) "the government's priorities of transcription were based upon the length of confinement/expected release from confinement date, and the length of the court-martial," (4) the airman whose discharge board was transcribed before appellant's trial needed quicker review because she had lost a civilian job opportunity and was geographically separated from her husband, (5) appellant could submit clemency materials any time, and (6) appellant had not asked for a deferment of his confinement pending the convening authority's action. The government also indicated that appellant's record would be completed on or before December 20.

On December 13, 1997, the military judge issued an interim ruling in which he determined he had jurisdiction over the complaint and was "empowered to grant relief up to and including dismissal [of the offense]," and directed the government to report the status of appellant's case daily. The military judge received the record of trial on December 17, and issued a final ruling denying relief three days later. Without objection by either par-

ty, the military judge decided the issue based only on written matters and did not convene a formal hearing under Rule for Courts–Martial (R.C.M.) 1102(b)(2).

In denying relief, the judge found "no evidence of a deliberate effort to delay completion of [appellant's] record." He agreed the court reporter "faced an excessive amount of work" brought on by a "significant number of subsequent trials" and personnel changes. However, the judge cautioned that

> the amount of time required to complete this record, only 81 pages long, should be a subject of particular concern to 21 AF/JA [the convening authority's staff judge advocate] since it is clear that significant delays are occurring in a number of cases and solutions need to be found.... As a practical matter, unless expeditious processing is undertaken by the convening authority, the release date of the accused will be imminent and any serious consideration of clemency in the form of reduction of confinement will be relatively meaningless.

That said, the judge authenticated the record of trial.

While the judge was considering the case, appellant asked the convening authority to defer the remaining confinement until final action. *See* R.C.M. 1101(c). The convening authority, on the advice of his staff judge advocate, denied the request on December 20, 1996, after the judge issued a final ruling denying relief. Appellant submitted his clemency matters on January 6, 1997, and the convening authority took action four days later, cutting the confinement to 7 months.

## DISCUSSION

### *Trial Judge's Jurisdiction Over Post–Trial Matters*

■ Once the trial concludes, the military judge retains authority to conduct post-trial sessions until the judge authenticates the record of the proceedings. R.C.M. 1102(d), 1104(a). "[I]f, before authenticating the record of trial, a military judge becomes aware of an error which has prejudiced the rights of the accused ... [the judge] may take remedial action on behalf of the accused without awaiting an order therefor by an appellate

court." *United States v. Griffith*, 27 M.J. 42, 47 (C.M.A.1988); *United States v. Mahoney*, 36 M.J. 679 (A.F.C.M.R.1992).

■ Inordinate and unexplained post-trial delay in processing a court-martial is an error which may cause prejudice to an accused warranting dismissal of the charges. *United States v. Shely*, 16 M.J. 431, 433 (C.M.A.1983) ("The post-trial processing of this case is marked by administrative bungling and indifference.") Thus, we hold that a military judge has jurisdiction, before authentication of the record, to hear and rule on an accused's motion for appropriate relief objecting to post-trial delay in completing the record of trial. If the judge finds that the post-trial delay is unreasonable, that is inordinate and unexplained, and it has prejudiced the accused, the judge may grant appropriate relief. If called upon, we will review the judge's decision for an abuse of discretion. We now turn to the judge's ruling in this case.

### *Judge's Ruling on Post–Trial Delay*

Once upon a time, the government was required to complete the record of trial and take final action within 90 days after the accused was "restrained" following the trial or face almost certain dismissal of the charges "for a presumption of a denial of speedy disposition of the case" if the accused had been continuously restrained. *Dunlap v. Convening Authority*, 48 C.M.R. 751, 1974 WL 13908 (C.M.A.1974). However, the 90–day rule no longer applies; instead, the accused seeking relief from post-trial delay in taking final action in the case must show both that the delay was unreasonable and "real harm or legal prejudice flowing from that delay." *United States v. Jenkins*, 38 M.J. 287, 288 (C.M.A.1993); *United States v. Banks*, 7 M.J. 92 (C.M.A.1979).

■ Here, the military judge did not specifically determine whether the delay was unreasonable; in his ruling he made comments which cut both ways on that issue. We use our statutory fact-finding powers to supplement the judge's ruling and find the 171 days of post-trial delay between the end of trial and final action was unreasonable, particularly when the staff judge advocate completed a routine enlisted administrative

discharge board ahead of appellant's case when that board was held after appellant's trial. Article 66(c), UCMJ, 10 U.S.C. § 866(c). In our view, military justice is "job one" in the Air Force and completing courts-martial in a timely manner is at the top of the "to do" list. *See* Letter from Major General Bryan G. Hawley, The Judge Advocate General, to All Staff Judge Advocates, *Emphasis on Military Justice* (Apr. 7, 1997) ("When you prioritize your office's list of critical tasks, military justice actions must stand prominently in the *highest* tier of things you must do well, fairly, and promptly.").

■ However, the judge specifically found that appellant had not demonstrated sufficient prejudice to warrant relief, and we find no abuse of discretion on that call, even though it was a close one in our book. After all, close calls are what exercising discretion is all about. *See United States v. Barrow*, 42 M.J. 655, 661 (A.F.Ct.Crim.App.1995), *aff'd*, 45 M.J. 478 (1997). On the prejudice prong, the judge recognized that nothing prohibited appellant from submitting his clemency matters before the record was completed or asking for deferment of his confinement at any time after his trial ended. Of course, we recognize, as did the trial judge, that post-trial delay may prejudice an accused by depriving the accused of a meaningful chance at clemency; but, that did not occur here.

### The Deferment Request

■ In *United States v. Banks*, the Court of Appeals for the Armed Forces, then the Court of Military Appeals, recognized that an appellant may seek relief from post-trial delay by asking the convening authority to defer confinement pending that officer's final action on the findings and sentence. 7 M.J. at 93. The convening authority must give specific reasons for denying a deferment request, and any denial is subject to "judicial review" for an abuse of discretion. R.C.M. 1101(c)(3); *United States v. Sloan*, 35 M.J. 4 (C.M.A.1992); *United States v. Brownd*, 6 M.J. 338, 339 (C.M.A.1979).

■ Thus, an accused may ask the convening authority to defer any remaining confinement if unreasonable post-trial delay occurs in completing the case. By granting the deferment, the convening authority may avert prejudice to the accused due to the delay.

■ However, if the convening authority denies the deferment request, the accused must take "other appropriate action" at the time to preserve the issue for "judicial review." *United States v. Durant*, 16 M.J. 712 (A.F.C.M.R.1983) (en banc), *pet. denied*, 17 M.J. 299 (C.M.A.1984). For example, the accused may petition for redress under Article 138, Uniform Code of Military Justice (10 U.S.C. § 938). *United States v. Edwards*, 39 M.J. 528, 530 (A.F.C.M.R.1994), *pet. denied*, 41 M.J. 122 (C.M.A.1994); Air Force Instruction 51–904, *Complaints of Wrongs Under Article 138, Uniform Code of Military Justice*, para. 3.2 (Jun. 30, 1994). The accused may also seek "judicial review" of the denial such as by filing a petition for a writ of habeas corpus with our Court. *Wilson v. Courter*, 46 M.J. 745 (A.F.Ct.Crim.App.1997).

■ So, is appellant entitled to relief here? No. The military judge ruled before the convening authority acted on the deferment request, and appellant waived further review on the deferment aspect of the issue by failing to take "other appropriate action" when notified of the denial.

### REMAINING ISSUES AND CONCLUSION

■ Contrary to appellant's argument, his approved sentence is not unduly severe considering that the convening authority lopped a month off the jail term as clemency. *See United States v. Healy*, 26 M.J. 394 (C.M.A.1988). We resolved appellant's Article 58b *ex post facto* complaint against him in *United States v. Pedrazoli*, 45 M.J. 567 (A.F.Ct.Crim.App.1997). *See* Article 58b, UCMJ, 10 U.S.C. § 858b.

The findings and sentence are correct in law and fact and are

AFFIRMED.

Judge MORGAN, C.H., II, and Judge MORGAN, J.H., concur.