**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

| | | | |
|---|---|---|---|
| **UNITED STATES,** | ) | **Misc. Dkt. No. 2013-30** |
| **Respondent** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Lieutenant Colonel (O-5)** | ) | |
| **MARK K. ARNESS,** | ) | |
| **USAF,** | ) | |
| **Petitioner** | ) | **Panel No. 2** |

WEBER, Judge:

The petitioner requested extraordinary relief on 19 December 2013 in the nature of a writ of error coram nobis. The petitioner asks this Court to grant relief based on 13 alleged errors or issues regarding his 2009 court-martial.

*Background*

The petitioner was convicted at a general court-martial in November 2009 of 14 specifications of leaving his place of duty or absence from his unit, 10 specifications of false official statements, and 2 specifications of conduct unbecoming an officer and a gentleman, in violation of Articles 86, 107, and 133, UCMJ, 10 U.S.C. §§ 886, 907, 933. The military judge sentenced the petitioner to confinement for 11 months and a reprimand, and the convening authority approved the sentence as adjudged.

Review by the Office of The Judge Advocate General under Article 69, UCMJ, 10 U.S.C. § 869, determined the findings and sentence were supported in law. The petitioner then asked The Judge Advocate General to reconsider this decision, alleging three errors were committed in his court-martial that warranted relief. This request for reconsideration was denied on 15 September 2011, on the basis that the petitioner's conviction was final under Article 76, UCMJ, 10 U.S.C. § 876. The petitioner now seeks a writ of error coram nobis from this Court, citing 13 alleged errors or other considerations arising from his conviction.

*Law*

"Courts-martial . . . are subject to collateral review within the military justice system." *Denedo v. United States*, 66 M.J. 114, 119 (C.A.A.F. 2008), *aff'd and remanded*, 556 U.S. 904 (2009). This Court is among the courts authorized under the All

Writs Act to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a); *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013).

A petition for extraordinary relief under the All Writs Act requires this Court to make two determinations: (1) whether the requested writ is "in aid of" this Court's existing jurisdiction; and (2) whether the requested writ is "necessary or appropriate." *LRM*, 72 M.J. at 367-68. Concerning the first determination, "the express terms of the [All Writs] Act confine [our] power to issuing process 'in aid of' [our] existing statutory jurisdiction; the Act does not enlarge that jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999) (citations omitted). Therefore, the All Writs Act is not an independent grant of appellate jurisdiction and it cannot enlarge a court's jurisdiction. *Id.* Likewise, the Act does not grant this Court authority "to oversee all matters arguably related to military justice, or to act as a plenary administrator even of criminal judgments it has affirmed." *Id.* at 536. Nevertheless:

> [W]hen a petitioner seeks collateral relief to modify an action that was taken within the subject matter jurisdiction of the military justice system, such as the findings or sentence of a court-martial, a writ that is necessary or appropriate may be issued under the All Writs Act 'in aid of' the court's existing jurisdiction.

*Denedo*, 66 M.J. at 120.

Concerning the second determination, a writ is not "necessary or appropriate" if another adequate legal remedy is available. *See Goldsmith*, 526 U.S. at 537 (holding that even if the Court of Appeals for the Armed Forces had some jurisdictional basis to issue a writ of mandamus, such writ was unjustified as necessary or appropriate in light of alternative remedies available to a servicemember demanding to be kept on the rolls). *See also Denedo*, 66 M.J. at 121 (citing *Loving v. United States*, 62 M.J. 235, 253-54 (C.A.A.F. 2005)).

A writ of error coram nobis may be utilized to "remedy an earlier disposition of a case that is flawed because the court misperceived or improperly assessed a material fact." *McPhail v. United States*, 1 M.J. 457, 459 (C.M.A. 1976). Coram nobis encompasses constitutional and other fundamental errors, including the denial of fundamental rights accorded by the UCMJ. *Garrett v. Lowe*, 39 M.J. 293, 295 (C.M.A. 1994); *United States v. Bevilacqua*, 39 C.M.R. 10, 11-12 (C.M.A. 1968). This writ authority extends past the point at which a court-martial conviction becomes final under Article 76, UCMJ. *Denedo*, 66 M.J. at 121-25. However, coram nobis "should only be used to remedy errors of the most fundamental character." *Loving*, 62 M.J. at 252-53 (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)) (internal quotation marks

omitted). In order to obtain a writ of error coram nobis, a petitioner must meet the following "stringent threshold requirements":

> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo*, 66 M.J. at 126. If the petitioner meets these threshold requirements for a writ of error coram nobis, this Court analyzes the underlying basis for the writ, keeping in mind "the petitioner must establish a clear and indisputable right to the requested relief." *Id.* (citing *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 381 (2004)).

*Discussion*

We find the requested writ is "in aid of" our existing jurisdiction. The petitioner's sentence at his court-martial did not entitle him to review by this Court under Article 66, UCMJ, 10 U.S.C. § 866. Instead, The Judge Advocate General reviewed his conviction under Article 69(a), UCMJ. Under Article 69(d)(1), UCMJ, The Judge Advocate General could have referred the case to this Court for review. In addition, Article 69(d)(2), UCMJ, authorizes this Court to review "any action taken by the Judge Advocate General under this section" in a court-martial. An application for a writ of error coram nobis is "properly viewed as a belated extension of the original proceeding during which the error occurred." *Denedo*, 556 U.S. at 913. Since we could have properly reviewed the original proceeding under Article 69, UCMJ, we adopt the position of our fellow service court that a court of criminal appeals retains authority to issue extraordinary writs in cases reviewed under Article 69, UCMJ. *See Dew v. United States*, 48 M.J. 639 (Army Ct. Crim. App. 1998). We also find that the requested writ is "necessary or appropriate," as there are no adequate alternative remedies available to the petitioner.

Having concluded that we may review the petition, we hold that the petitioner is not entitled to relief. We have fully analyzed the petitioner's 13 bases for the requested relief. In several instances, the petitioner seeks to reevaluate previously considered legal issues. For example, issues such as trial counsel's alleged exposure to privileged sanity board information, an alleged speedy trial violation in bringing the petitioner's case to trial, and a multiplicity issue were all the subject of motion practice at trial. Other issues the petitioner raises do not rise to the level of being "of the most fundamental character," such as his contention that trial counsel made disparaging comments about him during the court-martial or his commander's comments in the first indorsement to the charge

sheet. The petitioner also argues his conviction was factually insufficient and his sentence was inappropriately severe. As this is not a review under Article 66, UCMJ, we lack authority to make factual sufficiency and sentence appropriateness determinations. We see no legal error in the Office of The Judge Advocate General's finding that the petitioner's conviction is supported in law.

As to the remaining issues, the petitioner provides no meritorious grounds for relief. We find it appropriate to comment on four of the petitioner's claims, allegations of the most fundamental character that were not litigated at trial: (1) The military judge admitted Prosecution Exhibits 3 and 7 despite an alleged Fourth or Fifth Amendment[1] violation in procuring these documents; (2) The petitioner received ineffective assistance of counsel; (3) The military judge abandoned his role as an impartial and neutral arbiter in questioning a defense witness; and (4) The petitioner's due process rights were violated when it took 153 days from the date the court-martial concluded for him to receive the convening authority's action.

## 1. Prosecution Exhibits 3 and 7

Prosecution Exhibit 3 consists of airline records demonstrating the petitioner's travel. The Government used these records at trial to demonstrate the petitioner travelled cross-country during periods when he was not authorized leave. Prosecution Exhibit 7 consists of an invoice and receipt for repair work on the petitioner's automobile. The Government used this evidence to demonstrate the petitioner falsely told his supervisor he was having repair work done on his car on a different date than that reflected on the invoice and receipt. The petitioner claims the Government obtained these documents through an illegal search and seizure and/or improper subpoenas. Trial defense counsel did not object to the admission of either exhibit, and the petitioner does not claim his trial defense counsel were ineffective in failing to so object. We also see nothing in the record of trial that would provide any basis to believe the documents were improperly obtained.

## 2. Ineffective Assistance of Counsel

The petitioner claims he received ineffective assistance of counsel in two respects: (1) His counsel failed to object to the introduction of two sentencing exhibits he states were either too old to be properly introduced or represented evidence of uncharged misconduct; and (2) His counsel improperly withdrew a motion to obtain sentencing credit for illegal pretrial punishment. The sentencing exhibits of which the petitioner complains are a record of nonjudicial punishment proceedings from May 2005 and a memorandum for record indicating that, in 2001, the petitioner's commander relieved him of duties as flight commander. Trial defense counsel did not object to the introduction of these exhibits. Rule for Courts-Martial (R.C.M.) 1001(b)(2) allows the

---

[1] U.S. CONST. amends. IV, V. The petitioner uses these two constitutional amendments interchangeably.

Government to introduce nonjudicial punishment records from the accused's service record with no distinction as to the date such action was issued. Air Force practice limits the permissible age of nonjudicial punishment action introduced under R.C.M. 1001(b)(2) to five years prior to the date charges were referred. *United States v. Edwards*, 39 M.J. 528, 529 (A.F.C.M.R. 1994); Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 8.13.1.2.2 (21 December 2007). The petitioner's nonjudicial punishment record was within this five-year window, and therefore there was no basis to object to its admission. As for the 2001 memorandum indicating the petitioner was relieved from command, even assuming trial defense counsel was deficient in failing to object to it, we see no reasonable probability that but for the deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 693-94 (1984). Finally, concerning the motion for illegal pretrial punishment, no explanation appears in the record why trial defense counsel withdrew the motion. However, our review of the motion convinces us the motion would not offer the petitioner relief; therefore, there is no prejudice to the petitioner in trial defense counsel's withdrawal of the motion.

### 3. Military Judge's Questioning of a Witness

The petitioner alleges the military judge improperly questioned two witnesses, assuming the role of trial counsel rather than a neutral participant. We have examined the military judge's conduct throughout the court-martial, including the two instances the petitioner cites. We see no evidence of improper conduct or any behavior that departs from the "wide latitude" a military judge is provided to ask questions of witnesses called by the parties. *United States v. Acosta*, 49 M.J. 14, 17 (C.A.A.F. 1998).

### 4. Time from Sentence to Action

The petitioner's sentence was adjudged on 18 November 2009. The convening authority took action on 19 February 2010, 93 days later. The petitioner claims he did not receive the action until 19 April 2010, but he offers no evidence to support this contention.[2] Our superior court established a presumption of unreasonable delay where the action of the convening authority is not taken within 120 days of the completion of trial. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). If this standard is violated, this Court then examines the remaining due process considerations of *Barker v. Wingo*, 407 U.S. 514 (1972), including whether the petitioner suffered prejudice as a result of the delay. We find no due process violation in the time taken for the convening authority to take action in this case. The convening authority acted 93 days after sentence was announced, well within the *Moreno* standard. Even assuming a delay in an accused

---

[2] His contention appears improbable, as the Office of The Judge Advocate General found the conviction legally supported on 25 March 2010, weeks before the petitioner claims he received the convening authority's action. The record of trial also contains a 1 April 2010 petition for humanitarian release and clemency signed by the petitioner, a petition he would normally only file after receiving the action.

receiving action may constitute a due process violation—something *Moreno* did not hold—there is no reason to believe the petitioner was prejudiced by the delay in receiving action, particularly where such delay did not hold up the Article 69, UCMJ, review of his case. The petitioner is entitled to no relief on this issue.

*Conclusion*

An extraordinary writ is a drastic remedy that should be used only in extraordinary circumstances. *United States v. LaBella*, 15 M.J. 228, 229 (C.M.A. 1983). The petitioner has not carried his burden to demonstrate his case presents extraordinary circumstances warranting issuance of the writ of error coram nobis.

Accordingly, it is by the Court on this 11th day of March, 2014,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis is hereby **DENIED**.

HELGET, Senior Judge, and PELOQUIN, Judge, concur.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court